UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| JEROME TIBBS, | * | |
|---|---|---|
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-12023-IT |
| | * | |
| STEVE SILVA, | * | |
| | * | |
| Respondent. | * | |

ORDER

January 7, 2020

**TALWANI, D.J.**

*Pro se* Petitioner Jerome Tibbs, who is a state pretrial detainee, has filed a Petition for a Writ of Habeas Corpus [#1] under 28 U.S.C. § 2241 ("§ 2241"). He alleges therein that the conditions of confinement to which he has been subjected as a pretrial detainee at Souza-Baranowski Correctional Center ("SBCC") amount to punishment and therefore violate his rights under the Fourteenth Amendment. He asserts that he was "unlawfully removed" into the custody of the Massachusetts Department of Correction ("DOC"), and that, "while unlawfully in D.O.C. Custody, [he] was repeatedly raped and assaulted by convicted prisoners." *Id.* at 6. Tibbs asks that the court "[f]ind that Petitioner has been punished" and "[o]rder Petitioner's immediate release." *Id.* at 7.

The Petition has not been served pending the court's preliminary review of the document. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas]

petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

The court will deny the Petition because Tibbs had not set forth a basis for this court to exercise habeas jurisdiction. Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To the extent that Tibbs is asserting that he should be released because he was unlawfully transferred from a county facility to a DOC facility, he fails to explain how this transfer violated federal law. Moreover, any argument that Tibbs's transfer to a DOC facility failed to comply with state law is being or has been addressed in the state court. *See In re Tibbs*, 93 Mass. App. Ct. 1112 (2018) (remanding habeas action to the trial court to determine whether Tibbs's transfer from the Suffolk County Jail to SBCC complied with M.G.L. ch. 276, § 52A).

Further, Tibbs's allegations that his conditions confinement are tantamount to punishment do not provide a basis for habeas relief. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Even if the court were to find that the conditions of Tibbs's pretrial confinement constitute unlawful punishment, it could not order Tibbs's release from pretrial confinement. While Tibbs could conceivably be entitled to injunctive relief to cure the unlawful conditions of confinement, said remedy cannot be pursued in a habeas petition.

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

Finally, the court notes that Tibbs's claim is moot insofar as he seeks release based on the conditions at SBCC. Although Tibbs was apparently confined at SBCC when he signed the Petition on August 27, 2019, he indicates in his Motion for Substitution of Parties [#5] that he has since been moved to MCI Concord.

For the forgoing reasons, the Petition for a Writ of Habeas Corpus [#1] is DENIED, the Motion for Substitution of Parties [#5] is DENIED as moot, and this action is DISMISSED.

**SO ORDERED.**

                                              /s/ Indira Talwani
                                              Indira Talwani
                                              United States District Judge

January 7, 2020